UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br>v.<br>JOHNNIE RAMON HARRIS,<br><br>                               Defendant. | Case No. 2:13-cr-00376-JAD-GWF<br><br>ORDER<br><br>(Mot Reconsider – Dkt. #27) |

Before the court is Defendant's Motion for Reconsideration/Modification of Bail for New and Good Cause Shown in Support Thereof (Dkt. #27). The court has considered the Motion, the government's Response (Dkt. #28), and Defendant's Reply (Dkt. #29).

This is the second request to revisit the court's order detaining the Defendant. In a prior Order (Dkt. #23) entered March 17, 2014, the court denied Defendant's first motion for modification of bail which sought an own recognizance release or reduction in bail on the grounds that Mr. Harris had recently been diagnosed with cancer which would require aggressive treatment and therapy. The motion also argued that he should be released on his own recognizance because the DUI case that was pending at the time the court initially detained him had been negotiated to a "stay adjudication" which would be resolved by a conviction to a lesser included offense of reckless driving.

The court denied the motion without prejudice noting that Harris had been detained as a flight risk and a danger to the community for the reasons stated at the detention hearing and in the written Detention Order (Dkt. #7). The motion for modification did not establish new grounds for release not known to the Defendant at the time of the detention hearing that had a material bearing on release as required under 18 U.S.C. § 3142(f). Additionally, the court inquired of the U.S. Marshal's Service, who inquired of medical personnel at Nevada Southern

Detention Center about Mr. Harris' condition, and was informed that Mr. Harris had not been diagnosed with cancer.  At the time the court entered its order, a lump had been discovered, and a biopsy procedure had been scheduled.

The current motion again asserts that Defendant's health has worsened and that it "appears to be for all intents and purposes leading to a cancer diagnosis."  Once again, the motion is not supported by any medical record, declaration, affidavit or other statement by a healthcare provider.  At the time the court denied the initial motion, the U.S. Marshal's Service reported that a biopsy procedure had been scheduled to evaluate the lump.  The court received a prompt report after the biopsy procedure was performed.  Medical personnel report the biopsy results were benign indicating that a cancer diagnosis was ruled out.  For the second time defense counsel has falsely represented to the court that Harris has been diagnosed with cancer.

The reply also argues the Defendant is the only one charged in the conspiracy and that his co-conspirators are apparently out of custody and "may well be performing criminal activities and harming the community in the way the Government is concerned about Mr Harris potentially doing….(sic)".  The court is not privy to the discovery, details about the nature of the offense charged, or whether the government knows the identity of or has charged any alleged co-conspirators.  However, each Defendant charged with a federal offense is evaluated for release or detention, a hearing held and a decision made based on the factors required to be considered under the Bail Reform Act.  That co-conspirators may be out of custody is not a justification for reconsidering another Defendant's detention decision.

Having reviewed and considered the matter,

**IT IS ORDERED** that Defendant's Motion for Reconsideration/Modification of Bail (Dkt. #27) is **DENIED.**

DATED this 23rd day of June, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

2