UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br>v.<br>JOHNNIE RAMON HARRIS,<br><br>　　　　　　　　　　　　Defendant. | Case No. 2:13-cr-00376-JAD-GWF<br><br>ORDER<br><br>(Mot Reconsider – Dkt. #65) |

　　　　Before the court is Defendant's Motion for Reconsideration of Order of Detention (Dkt. #65). The court has considered the Motion, the government's Response (Dkt. #68), and Defendant's Reply (Dkt. #69). This is the third request to revisit the court's order detaining the Defendant.

　　　　The court denied Defendant's first motion for modification of bail in an Order (Dkt. #23) entered March 17, 2014, which sought an own recognizance release or reduction in bail on the grounds that Mr. Harris had recently been diagnosed with cancer which would require aggressive treatment and therapy. The motion also argued that he should be released on his own recognizance because the DUI case that was pending at the time the court initially detained him had been negotiated to a "stay adjudication" which would be resolved by a conviction to a lesser included offense of reckless driving.

　　　　The court denied the motion without prejudice noting that Harris had been detained as a flight risk and a danger to the community for the reasons stated at the detention hearing and in the written Detention Order (Dkt. #7). The motion for modification did not establish new grounds for release not known to the Defendant at the time of the detention hearing that had a material bearing on release as required under 18 U.S.C. § 3142(f). Additionally, the court inquired of the U.S. Marshal's Service, who inquired of medical personnel at Nevada Southern

1

1   Detention Center about Mr. Harris' condition, and was informed that Mr. Harris had not been
2   diagnosed with cancer.  At the time the court entered its order, a lump had been discovered, and
3   a biopsy procedure had been scheduled.

4   The court denied Defendant's second motion for modification of bail in an Order (Dkt.
5   #30) entered June 26, 2014.  Defendant asserted that his health had worsened and that it
6   "appear[ed] to be for all intents and purposes leading to a cancer diagnosis."  Once again, the
7   motion was not supported by any medical record, declaration, affidavit or other statement by a
8   healthcare provider.  At the time the court denied the initial motion, the U.S. Marshal's Service
9   reported that a biopsy procedure had been scheduled to evaluate the lump.  The court received a
10  prompt report after the biopsy procedure was performed.  Medical personnel report the biopsy
11  results were benign indicating that a cancer diagnosis was ruled out.  For the second time defense
12  counsel falsely represented to the court that Harris had been diagnosed with cancer.

13  This is Defendant's third request.  In the instant motion Defendant states that information
14  has been requested by subpoena which may give the Defendant a reason to file a motion to
15  suppress.  Furthermore, Defendant states that, if released from custody, he would reside with his
16  children and the mother of his children.  He will also have an opportunity to spend time with his
17  mother who has been ill with diabetes for some time, and he would be able to assist his mother as
18  her primary caregiver.

19  The government responds by stating that the Defendant has subpoenaed, but not yet
20  received, information for the suppression motion, and that Defendant seeks to reopen his
21  detention hearing based upon speculation.  The government does not believe that new
22  information exists to grant his request.

23  Harris replies that the state of his mother's medical condition was not known at the time
24  of the September 19, 2013, detention hearing.  Because she is suffering from Diabetes and
25  currently undergoing a regimen of medications, Defendant wishes to care for her.  He attaches a
26  recent update on the illness of his mother as an exhibit.

27  A detention hearing may be reopened only "if the judicial officer finds that information
28  exists that was not known to the movant at the time of the hearing," and that the information "has

a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required, and the safety of any other person and the community." 18 U.S.C. § 3142(f).  As the court noted in *United States v. Ward*, 63 F. Supp. 2d 1203 (C.D. Cal. 1999), "courts have interpreted this provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the initial hearing." *Id*. at 1206.

It is admirable that Harris wishes to care for his mother.  However, the exhibit attached regarding Defendant's mother's illness simply states that she is under a doctor's care, "she has Type 1 Diabetes, and that she is taking medications such as insulin."  It is not new information that has a material bearing on the issue of detention.  Harris and his counsel should focus their efforts on defending the case on its merits.

Having reviewed defendant's Motion to Reopen Detention Hearing, the court finds the Defendant has not met his burden of showing that information exists that was not known to the defendant at the time of the hearing that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of the defendant as required, and the safety of the community.  Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration of Order of Detention (Dkt. #65) is **DENIED**.

DATED this 14th day of August, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE