UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Johnnie Ramon Harris,<br><br>    Defendant. | 2:13-cr-00376-JAD-GWF<br><br>**Order Adopting Report and Recommendation, Overruling Objections, and Denying Motion to Suppress**<br><br>[ECF 71, 89, 90] |

    Johnnie Ramon Harris is charged with conspiracy to distribute controlled substances, possession with intent to distribute controlled substances, and money-laundering conspiracy stemming from his alleged mail-order drug scheme.[1] Harris moves to suppress all physical evidence against him and requests a *Franks* hearing. In his Findings and Recommendations, Magistrate Judge Foley concluded that Harris has not shown that he is entitled to a *Franks* hearing, and he recommends that I deny Harris's motion to suppress.[2] Harris objects.[3] He insists that the initial search warrant affidavit misled the issuing magistrate judge and requests a *Franks* hearing to prove it. And Harris argues that because information obtained as a result of the first warrant was used to support later warrants, all physical evidence must be suppressed as the fruit of the poisonous tree. Having reviewed the objected-to portions of Magistrate Judge Foley's report *de novo*, I overrule Harris's objections, adopt Magistrate Judge Foley's report and recommendation, and deny Harris's motion to suppress.

---

[1] ECF 89.

[2] *Id.*

[3] ECF 90.

# Background[4]

This case arises from an investigation by United States Postal Inspector Daniel Carbonetti. Beginning in December 2012, Inspector Carbonetti began profiling express-mail labels at the Joe C. Brown Postal Facility in Las Vegas, Nevada.[5] Inspector Carbonetti noticed numerous express packages being mailed to Memphis, Tennessee, on a weekly basis. The senders' names and addresses were fictitious; the recipients had fictitious names but valid addresses.[6] The labels bore the same handwriting and abbreviated Memphis as "Mphs."[7]

## A.  The Search

Inspector Carbonetti began to review video surveillance of the lobby and parking lot of the post office and identified Harris as the mailer by running a license-plate check on his car.[8] In February 2013, while conducting surveillance at the post office, Inspector Carbonetti watched Harris approach the counter and mail a package addressed to Memphis, Tennessee, that appeared consistent with the other packages. Inspector Carbonetti obtained a search warrant for the package; inside he discovered 1,065.5 shrink-wrapped prescription pills.[9]

Inspector Carbonetti then obtained a warrant to install a tracking device on Harris's car. The device confirmed that Harris made frequent trips from his residence to the post office to mail packages to Memphis.[10] In May, June, and July 2013, Inspector Carbonetti obtained three additional warrants to search packages mailed by Harris; all of the packages contained prescription pills.[11]

---

[4] These facts are taken from the criminal complaint and are used here for background purposes only. ECF 1.

[5] ECF 1 at 3, ¶ 5.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 3, ¶ 6.

[9] *Id.* at 4, ¶ 7.

[10] *Id.* at 4, ¶ 8.

[11] *Id.* at 4–5, ¶ 9–11.

**B.     The Search Warrant Affidavit**

In the affidavit to support the February 2013 warrant to search the package, Inspector Carbonetti stated that he was a United States Postal Inspector assigned to investigate the unlawful transportation of contraband, including controlled substances.[12] Inspector Carbonetti explained that experience and drug trafficking information gathered by the United States Postal Inspection Service (USPIS) shows that express and priority mail are frequently used by drug traffickers,[13] and that the USPIS has developed a drug-package profile to help identify illegal packages. Suspicious factors include:

> (1) package mailed from or addressed to a narcotic source city, (2) a fictitious return address, (3) addressee name is unknown at the destination address, (4) package sender name is unknown at the return address, (5) address information is handwritten, (6) package is mailed from a Commercial Mail Receiving Agency (CMRA), (7) package is addressed to residential areas, (8) package is addressed from an individual to an individual, (9) packages are wrapped in brown paper and/or heavily taped, and (10) the zip code from where the package is mailed is different than the zip code used in the return address.[14]

Inspector Carbonetti continued: "Based on my training and experience, I know drug traffickers will often use fictitious names . . . or addresses in an attempt to conceal their identity from law enforcement."[15]

Inspector Carbonetti then described how the package to be seized fit these characteristics. He stated that he was surveilling the Joe C. Brown Postal Facility in Las Vegas when Harris mailed the package and that Harris "has conducted over 25 mailings of Express Packages to Memphis, TN [and] always uses a fictitious name and address for sender information."[16] Inspector Carbonetti added that

---

[12] ECF 90 at 13.

[13] *Id.*

[14] *Id.* at 14.

[15] *Id.*

[16] *Id.* at 15.

1 the subject package exhibited "several of the [drug-package profile] characteristics."[17]

2 Inspector Carbonetti then indicated that he received grand-jury subpoena results from Cox communications for the IP addresses that tracked the express-mail packages sent by Harris. He stated that the packages were being tracked by Kevin Williams, a man with an extensive criminal history including seven controlled-substance arrests and who, like Harris, resides in Las Vegas and is originally from Tennessee.[18]

Finally, Inspector Carbonetti represented that he ran the names and addresses on the subject package and discovered that the sender's name and address were fictitious and that the recipient's name was fictitious but the address was valid.[19]

## Discussion

**A.    Standards of Review**

A district court reviews objections to a magistrate judge's proposed findings and recommendations *de novo*.[20] "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[21] The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion.[22] Local Rule IB 3-2(b) requires *de novo* consideration of specific objections only.[23]

---

[17] *Id.*

[18] *Id.*

[19] *Id.* at 16.

[20] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise.") (emphasis added).

[21] *Id.*

[22] *Id.*

[23] *See* Nevada L.R. IB 3-2(b) (requiring *de novo* consideration of specific objections only); *Carillo v. Cate,* 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (noting that "generalized objections" do not require *de novo* review).

**B.  Challenging a Search Warrant under *Franks v. Delaware***

The Fourth Amendment to the United States Constitution provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."[24]  Although a duly issued warrant is presumed valid, under *Franks*, a defendant may obtain an evidentiary hearing to ascertain whether it was supported by probable cause.[25]  To obtain a *Franks* hearing, the defendant must make a preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information.[26]  "To justify a hearing, a defendant must make specific allegations, allege a deliberate falsehood or reckless disregard for the truth, and accompany such a claim with a detailed offer of proof."[27]  "The effect of misrepresentations and omissions on the existence of probable cause is considered cumulatively."[28]

**C.  Harris is not entitled to a *Franks* hearing on the Carbonetti Affidavit.**

Harris argues that Inspector Carbonetti deliberately misled the issuing magistrate judge because he failed to identify which suspicious characteristics the package had.  Harris further argues that Inspector Carbonetti led the issuing magistrate judge to believe that Las Vegas and Memphis are source cities for drugs and "obtained a search warrant through use of a convenient straw man in the form of an unrelated person" named Kevin Williams (the man linked to the IP address tracking Harris's packages).[29]

---

[24] U.S. CONST. AMEND. IV.

[25] *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978).

[26] *Id.*

[27] *United States v. Craighead,* 539 F.3d 1073, 1080 (9th Cir. 2008) (citation omitted).

[28] *United States v. Stanert*, 762 F.2d 775, 782 (9th Cir. 1985) (citation omitted).

[29] ECF 90 at 4.  Harris also argues in his objection that he had a legitimate expectation of privacy in the seized packages.  Judge Foley did not reach a conclusion on this issue because, having determined that the warrant was valid, whether Harris had a legitimate expectation of privacy in the seized packages was immaterial.  ECF 89 at 6–11.  Because I agree with Judge Foley's conclusion

Judge Foley found that Harris was not entitled to a *Franks* hearing because he did not show that the affidavit contains any intentionally or recklessly false statements about the common characteristics of express-mail packages containing drugs.[30] Magistrate Judge Foley rejected Harris's argument that the magistrate judge was misled because the affidavit references "source cities" for narcotics but does not indicate whether Las Vegas or Memphis is a source city[31] and pointed out that Harris offered no evidence that Las Vegas or Memphis are not, in fact, source cities for narcotics such that the inclusion of this information would have negated one of the profile factors and thus weakened the showing of probable cause. [32] The magistrate judge also rejected Harris's argument that he is entitled to a *Franks* hearing to investigate Inspector Carbonetti's statements that the IP address used to track packages mailed by Harris was registered to Kevin Williams solely because Harris denied any knowledge of Williams.[33]

I agree with the findings and conclusions of Magistrate Judge Foley. Harris does not "allege a deliberate falsehood or reckless disregard for the truth," nor does he make a "detailed offer of proof" that any was made.[34] Inspector Carbonetti lists a series of factors developed by the USPIS found to be consistent with mailing drugs[35] and then identifies several characteristics of the seized package consistent with that profile: (1) the package was addressed form an individual to an individual,[36] (2) the address information on the package was handwritten,[37] (3) the return zip code

---

that the search warrant was valid, I need not reach this issue.

[30] ECF 89 at 14.

[31] *Id.* at 14.

[32] *Id.*

[33] *Id.* at 15.

[34] *Craighead,* 539 F.3d at 1080.

[35] ECF 71 at14, ¶ 4.

[36] *Id.* at 13, ¶ 2.

[37] *Id.*

was different from where the package was mailed,[38] (3) the name and address of the sender were fictitious,[39] and (4) the recipient address was valid but the name was fictitious.[40] Simply failing to specify whether the seized package met other factors identified by USPIS—like whether Las Vegas or Memphis are source cities for narcotics or whether the package was heavily taped—is not a deliberate falsehood, nor does it demonstrate a reckless disregard for the truth. This is especially true given that Harris does not argue, let alone attempt to show, that Las Vegas or Memphis are not classified by USPIS as source cities. He simply takes issue with the fact that the affidavit specifies this as a relevant factor but does not indicate whether Las Vegas or Memphis qualify. I also agree with Magistrate Judge Foley that the inclusion of the IP tracking information and linking the package to Kevin Williams was likewise not false or misleading. Harris does not allege that the IP information was false or that Williams's reported criminal history was false, he simply argues that he does not know Williams. This does not even come close to alleging a false or misleading statement. Because Harris did not make the required preliminary showing, he is not entitled to a *Franks* hearing,[41] and his motion to suppress is properly denied.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that defendant's objections to the magistrate judge's Report and Recommendation **[ECF 89]** are **OVERRULED**; the magistrate judge's Report

---

[38] *Id.*

[39] *Id.* at 16, ¶ 9.

[40] *Id.* ¶10.

[41] Harris does not argue in his objection that the affidavit was insufficient to support a finding of probable cause. I agree with Judge Foley's conclusion that Inspector Carbonetti's affidavit "provided at least a colorable argument for probable cause" based on the package's suspicious characteristics, Inspector Carbonetti's observations of Harris's consistently suspicious mailing activity, and the IP address information; that is all that is required at this stage. ECF 89 at 16 (citing *United States v. Krupa*, 658 F.3d 1174, 1179 (9th Cir. 2011)).

and Recommendation **[ECF 54]** is **ADOPTED**; and defendant's motion to suppress **[ECF 71]** is **DENIED.**

Dated this 7th day of January, 2016

_____
Jennifer A. Dorsey
United States District Judge